FILED
DISTRICT CLERK OF
JEFFERSON CO TEXAS
6/21/2022 4:49 PM
JAMIE SMITH
DISTRICT CLERK
D-209944

CAUSE NO: _____

| | | |
|---|---|---|
| APRIL LAWRENCE, <br> *Plaintiff,* <br><br> VS. <br><br> DEVELOPMENTAL DISABILITIES MANAGEMENT SERVICES OF BEAUMONT, LLC d/b/a DDMS OF BEAUMONT AND SEVITA WHOLE HEALTH, LLC, <br> *Defendants.* | § § § § § § § § § § § § | IN THE DISTRICT COURT OF <br><br> JEFFERSON COUNTY, TEXAS <br><br><br><br><br> \_\_\_\_ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

Plaintiff April Lawrence brings this suit against Defendants Developmental Disabilities Management Services of Beaumont, LLC d/b/a DDMS of Beaumont and Sevita Whole Health, LLC.

### A. DISCOVERY CONTROL PLAN

Plaintiff intends for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure. This case involves complex issues and will require extensive discovery. Therefore, Plaintiff will ask the Court to order that discovery be conducted pursuant to a discovery control plan tailored to the circumstances of this suit.

### B. RULE 47 STATEMENT

The damages sought in this case are within the jurisdictional limits of this court. Plaintiff recognizes that only the jury or judge who decides the case determines the appropriate damages in this or any other case. Plaintiff has retained lawyers for representation in this case. Plaintiff's legal counsel allege that Plaintiff seeks monetary damages over $200,000 but not more than $1,000,000.

More specifically, Plaintiff seeks economic damages, actual damages, exemplary damages and any other damages provided for by law or equity. Plaintiff seeks pre-judgment and post-

judgment interest, court costs, attorney's fees, and all other relief to which Plaintiff is entitled at law or in equity.

### C. PARTIES AND SERVICE

Plaintiff, April Lawrence, is an individual residing in Jefferson County, Texas.

Defendant, Developmental Disabilities Management Services of Beaumont, LLC d/b/a DDMS of Beaumont (DDMS), is a Texas limited liability company doing business in the State of Texas who may be served by serving its registered agent, Corporation Service Company dba CSC – Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701.

Defendant, Sevita Whole Health, LLC (Sevita), is a Delaware limited liability company doing business in the State of Texas who may be served by serving its registered agent, Corporation Service Company dba CSC – Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701.

### D. VENUE

Venue is proper in Jefferson County pursuant to the Texas Civil Practice and Remedies Code § 15.002(a) and Texas Health and Safety Code § 260A.014(g) and § 161.134(g).

### E. FACTS

Defendants provide long term care for patients with intellectual and developmental disabilities in Southeast Texas. Defendants provide this care throughout a number of residential group homes in neighborhoods throughout the Beaumont area.

Plaintiff commenced employment for DDMS in April 2020, where she worked as a caregiver for DDMS. Upon information and belief, Sevita partnered with DDMS at some point during the relevant time period. DDMS maintained control over individual employees during the

2

relevant period. DDMS employed Plaintiff and her supervisors during the relevant time period. Sevita exerted control over policies, procedures, and practices of DDMS.

On May 3, 2022 Plaintiff observed swelling and bruising on the face of one of the facility's patients. The patient was non-verbal and therefore could not explain how the injury occurred. Plaintiff came to believe that a fellow employee had struck the patient in the face.

Plaintiff reported the suspected abuse to her supervisor on May 4, 2022. Plaintiff also reported the suspected abuse to Adult Protective Services' (APS) abuse hotline the same day.

Upon learning that a report had been made with APS, Plaintiff's supervisor became hostile toward her and required her to submit a report detailing the incident to management.

On May 26, 2022, only a few days after Plaintiff made complaints of abuse, Plaintiff was terminated. Plaintiff was terminated in retaliation for complaining about resident abuse.

### F. VIOLATIONS OF TEXAS HEALTH & SAFETY CODE § 260A.014

Defendants are a "facility" by definition of the Texas Health and Safety Code. Tex. Health & Safety Code § 260A.001(5).

Plaintiff was an "employee" as defined by Texas Health and Safety Code. Tex. Health & Safety Code § 260A.014(a).

Texas Health and Safety Code § 260A.002(a) requires employees of facilities such as Defendants' to report abuse, neglect, or exploitation.

Plaintiff reported her belief that a fellow employee had physically assaulted a patient to her supervisor and to APS as required by § 260A.002.

Texas Health and Safety Code § 260A.014(b) prohibits facilities from retaliating against employees who report abuse, neglect, or exploitation. Defendants violated § 260A.014(b) by terminating Plaintiff's employment.

3

Plaintiff's good faith report of abuse, neglect or exploitation occurred within 60 days of her termination. Plaintiff therefore benefits from the rebuttable presumption that her employment was terminated for reporting the abuse, neglect or exploitation. Tex. Health & Safety Code § 260A.014(f).

In compliance with § 260A.014(e), Plaintiff is filing suit within 90 days after the date on which her employment was terminated.

As a result of Defendants' violation of § 260A.014, Plaintiff has suffered actual damages, including damages for mental anguish, and lost wages and benefits (past and future), and other losses.

### G. VIOLATIONS OF TEXAS HEALTH & SAFETY CODE § 161.134

Defendants are a "mental health facility" by definition of the Texas Health and Safety Code. Tex. Health & Safety Code § 161.131 & § 571.003.

Texas Health and Safety Code § 161.132 requires employees of facilities such as that of Defendants' to report abuse, neglect, and/or unprofessional conduct to appropriate authorities. Plaintiff reported the suspected abuse to appropriate authorities.

Plaintiff also reported the suspected abuse to her supervisor as required by § 161.132. This employee action is protected under § 161.134.

Texas Health and Safety Code § 161.134 prohibits facilities from retaliating against employees who report violations of law to their supervisor or state regulatory agency. Defendants violated § 161.134 by terminating Plaintiff's employment.

Plaintiff's report of violations of law occurred within 60 days of her termination. Plaintiff therefore benefits from the rebuttable presumption that her employment was terminated for reporting violations of law. Tex. Health & Safety Code Ann. § 161.134(f).

In compliance with § 161.134(h), Plaintiff is filing suit within 180 days after the date on which her employment was terminated.

As a result of Defendants' violation of § 161.134, Plaintiff has suffered actual damages, including damages for mental anguish, lost wages and benefits (past and future), and other losses.

## H. DAMAGES

The Texas Health and Safety Code provides for the following damages for violations of § 260A.014:

>   (c) The petitioner may recover:
>
>>   (1) the greater of $1,000 or actual damages, including damages for mental anguish even if an injury other than mental anguish is not shown, and damages for lost wages if the petitioner's employment was suspended or terminated;
>>   (2) exemplary damages;
>>   (3) court costs; and
>>   (4) reasonable attorney's fees.
>
>   (d) In addition to the amounts that may be recovered under Subsection (c), a person whose employment is suspended or terminated is entitled to appropriate injunctive relief, including, if applicable:
>
>>   (1) reinstatement in the person's former position; and
>>   (2) reinstatement of lost fringe benefits or seniority rights.

The Texas Health and Safety Code provides for the following damages for violations of § 161.134:

>   A person who has been discriminated against in violation of Subsection (a) may sue for injunctive relief, damages, or both…
>
>>   (c) A plaintiff who prevails in a suit under this section may recover actual damages, including damages for mental anguish even if an injury other than mental anguish is not shown.
>>
>>   (d) In addition to an award under Subsection (c), a plaintiff who prevails in a suit under this section may recover exemplary damages and reasonable attorney fees.
>>
>>   (e) In addition to amounts recovered under Subsections (c) and (d), a plaintiff is entitled to, if applicable:

      (1) reinstatement in the plaintiff's former position;
      (2) compensation for lost wages; and
      (3) reinstatement of lost fringe benefits or seniority rights.

Plaintiff seeks all damages provided for in the Texas Health and Safety Code and any other relief, at law or equity, the Court deems appropriate.

Plaintiff seeks actual damages, including mental anguish. Plaintiff seeks reinstatement, compensation for lost wages, reinstatement of lost fringe benefits and seniority rights, and attorney fees.

Plaintiff seeks exemplary damages as allowed for in the Texas Health and Safety Code.

## I. CONDITIONS PRECEDENT

All conditions precedent have been performed or have occurred as required by Texas Rule of Civil Procedure 54.

## J. DEMAND FOR JURY

Plaintiff demands a jury trial and tenders the appropriate fee concurrent with the filing of this Petition.

## K. PRAYER

For these reasons, Plaintiff asks that Defendants be cited to appear and answer and, on final trial, that Plaintiff have judgment against Defendants for the following:

   a. Actual damages.

   b. Exemplary damages as allowed by law.

   c. Mental anguish damages within the jurisdictional limits of the court.

   d. Reinstatement.

   e. Compensation for lost wages, both past and future.

   f. Compensation for lost benefits, both past and future.

g. Reinstatement of lost fringe benefits and seniority rights.

h. Attorney fees.

i. Prejudgment and post-judgment interest as allowed by law.

j. Costs of suit.

k. All other relief, in law and in equity, to which Plaintiff may be entitled.

Respectfully submitted,

BRADLEY LAW FIRM
P. O. Box 1148
Port Neches, Texas 77651
(409) 724-6644 - Phone
(409) 724-7585 – Fax

By: _____
STEPHEN L. TOWNSEND
stownsend@bradlaw.net
State Bar No. 24071539
LANCE P. BRADLEY
State Bar No. 02826650
lbradley@bradlaw.net

ATTORNEYS FOR PLAINTIFF